IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHITNEY WOLLNER,<br>  Plaintiff, | : <br> : <br> : |
| v. | :     CIVIL ACTION NO. 25-CV-6332 <br> : |
| SHANE WESTERFER,<br>  Defendant. | : <br> : |

**MEMORANDUM**

SCOTT, J.                                                                                           JANUARY 15th, 2026

Whitney Wollner filed this *pro se* civil action against Defendant Shane Westerfer. Wollner also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Wollner leave to proceed *in forma pauperis* and dismiss her Complaint for lack of subject matter jurisdiction without prejudice to her refiling her claims in state court.

**I.  FACTUAL ALLEGATIONS**[1]

Wollner alleges that in September 2022, she leant money to Westerfer "to buy a home that he was supposed to pay [her] back for." (Compl. at 4.) She asserts that he posted the home for sale and has no intention of paying her back. (*Id.*) She "wanted to file a civil lawsuit against him in hopes of getting a [lien] out on the house," so she will receive her money back when the house sells. (*Id.*) She alleges Pennsylvania addresses for herself and Westerfer. (*Id.* at 2-3.) As relief, Wollner seeks a judgment on Westerfer's home, so she "can get a [lien] put on it" and receive her money back in the amount of $23,270.39. (*Id.* at 5.)

---

[1] The factual allegations are taken from Wollner's Complaint ("Compl."). (ECF No. 1.) The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

II.  **STANDARD OF REVIEW**

The Court grants Wollner leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the Complaint and dismiss it if it is frivolous, malicious, fails to state a claim for relief, or seeks damages from an immune defendant. Furthermore, the Court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence."). "Jurisdictional [issues] . . . may be raised at any time and courts have a duty to consider them *sua sponte*." *Wilkins v. United States*, 598 U.S. 152, 157 (2023) (internal quotations omitted). As Wollner is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III. **DISCUSSION**

Wollner's Complaint is best construed as an attempt to raise contract and/or tort claims under Pennsylvania law. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) ("We apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name."). District courts may exercise jurisdiction over cases raising claims exclusively under

state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997); *see also* 28 U.S.C. § 1446 ("If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Furthermore, Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).

Wollner alleges a total of $23,270.39 to "receive [her] money back." (Compl. at 5.) Thus, it is apparent from the face of her Complaint that the value of her claims is insufficient to meet the jurisdictional amount to assert these claims in federal court. Because she alleges less than the jurisdictional amount, dismissal is justified on that basis alone. *See Dardovitch*, 190 F.3d at 135. Furthermore, Wollner also does not allege the citizenship of the parties and her use of Pennsylvania addresses for herself and Westerfer suggests that the parties are both

Pennsylvania citizens. Accordingly, she has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue and also fails to allege the amount in controversy threshold for diversity jurisdiction. Since the jurisdictional requirements are not satisfied, this Court lacks the ability to hear Wollner's case. Thus, the Court will dismiss this case for lack of jurisdiction.

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant Wollner leave to proceed *in forma pauperis* and dismiss her Complaint without prejudice for lack of subject matter jurisdiction. The Court concludes that amendment would be futile under the circumstances of this case, but notes that this dismissal is without prejudice subject to Wollner filing her claims in the proper state court, where federal jurisdiction will not be an issue.[2]

An Order dismissing this case will be entered separately. *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

_____
KAI N. SCOTT, J.

---

[2] The Court expresses no opinion on the merits of Wollner's claims, including whether such claims are timely.